**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50226 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03821-LAB |
| v. | |
| ROBERT DANNY CARMONA-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Robert Danny Carmona-Lopez appeals from the district court's judgment

and challenges the 70-month sentence imposed following his guilty-plea

conviction for possession of heroin and methamphetamine with intent to distribute,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carmona-Lopez contends that because the government did not prove, nor did he admit, that he knowingly or intentionally possessed a schedule I or II controlled substance, the district court erred in imposing a sentence greater than one year.  Carmona-Lopez's argument is foreclosed by our decision in *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1473 (2016).  There, we held that a defendant's knowledge of drug type is not an element of the offense that the government must prove for a mandatory minimum sentence to apply.  *See id.* at 1016, 1019.  While *Jefferson* involved the importation statute, 21 U.S.C. § 960, the reasoning of that case is applicable here because Section 841 is "structurally identical" to section 960.  *See Jefferson*, 791 F.3d at 1017 n.4.  Moreover, *Jefferson* affirmed long-standing precedent holding that, under both statutes, knowledge of drug type is not an element of the offense.  *See, e.g., United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002).  Under *Jefferson*, the government was not required to prove that Carmona-Lopez knew what type of drug he possessed in order to trigger the 20-year statutory maximum under 21 U.S.C. § 841(b)(1)(C).

**AFFIRMED.**

14-50226